IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| KEITH DOYLE, | CV 22-086-BU-BMM |
| Petitioner, | |
| vs. | ORDER |
| SUPREME COURT OF MONTANA, STATE OF MONTANA, et al., | |
| Respondents. | |

This case comes before the Court on Montana pro se Petitioner Keith Doyle's petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1.)

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires courts to examine the petition before ordering a respondent to file an Answer or any other pleading. The petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id*.; *see also* 28 U.S.C. § 1915A(B)(1),(2) (a court must dismiss a habeas petition or portion thereof if the

1

prisoner raises claims that are legally "frivolous or malicious" or that fail to state a basis upon which habeas relief may be granted). As explained below, the Court lacks jurisdiction to consider Doyle's fifth petition for habeas relief related to his 2005 conviction for Accountability to Deliberate Homicide. The Court will dismiss Doyle's petition.

## I.     28 U.S.C. § 2254

The petition at hand is the fifth Doyle has filed in this Court. Doyle's first petition was denied on the merits. *See Doyle v. O'Fallon*, No. CV 09-58-BU-RFC-CSO, Or. (D. Mont. Mar. 16, 2010). The Ninth Circuit affirmed the denial of relief. *Doyle v. Law*, No. 10-35330 (9th Cir. Dec. 28, 2011). The U.S. Supreme Court denied Doyle's petition for writ of certiorari. *Doyle v. Law*, No. 11-9645 (U.S. May 14, 2012).

Doyle filed his second petition in June 2012. Doyle sought a certificate of appealability on the four uncertified issues advanced in his first petition and also raised new claims. The petition was dismissed in its entirety as an unauthorized second petition and a certificate of appealability was denied. *Doyle v. State*, No. CV 12-39-BU-DLC, Or. (D. Mont. Oct. 16, 2012).

Doyle's third petition sought again to challenge the validity of his 2005 conviction. There Doyle argued that the Montana state charging process of prosecution by Information utilized in his underlying criminal case proved

constitutionally infirm. Doyle was advised the claim was frivolous and that such prosecution is consistent with the federal guarantee of due process. *See Doyle v. Frink*, No. CV-13-60-DWM-JCL, Mag. Or. & Find. at 3 (Aug. 7, 2013) (citing *Hurtado v. California*, 110 U.S. 516, 538 (1884)). This petition was also dismissed as an unauthorized successive petition. *Doyle v. Frink*, No. CV-13-60-DWM-JCL, Or. (D. Mont. Sept. 30, 2013).

In his fourth petition, Doyle challenged (1) the constitutionality of his "indictment by information;" (2) the sufficiency of the trial evidence used to convict him; and (3) the State's purported failure to disclose *Brady*[1] material in the form of a "deal" allegedly made with a trial witness. *See Doyle v. Fender et al.*, No. CV-17-68-DLC-JCL (Pet. filed Sept. 12, 2017). This petition, too, was dismissed as an unauthorized successive petition. *See Doyle v. Fender et al.*, No. CV-17-68-DLC-JCL, Or. (D. Mont. Nov. 29, 2017).

Doyle's present petition must be dismissed. Doyle's prior criminal proceeding represents the only state law proceeding of which he seeks review. No matter how he has tried to appeal or modify the sentence, the underlying intent of his state court actions is to change the outcome of his criminal proceedings. That is the purpose of his habeas petition here. The Court lacks jurisdiction to consider,

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1963), requires the state to disclose evidence that is both favorable to the accused and material either to guilt or punishment.

however, any further challenges to Doyle's 2005 conviction unless and until the Ninth Circuit authorizes him to file a successive petition. *See Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam). Absent such authorization, Doyle may not proceed in this Court.

## II. CERTIFICATE OF APPEALABILITY

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right."  28 U.S.C. §2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  A certificate of appealability will be denied.

Based on the foregoing, the Court enters the following:

### ORDER

1. Doyle's Petition (Doc. 1) is **DENIED** and **DISMISSED** with prejudice.

2. The Clerk of Court is directed, by separate document, to enter Judgment in favor of Respondent and against Petitioner.

3.	A certificate of appealability is DENIED.

DATED this 11th day of April, 2023.

_____
Brian Morris, Chief District Judge
United States District Court